## WASHINGTON POST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8085. Promulgated February 29, 1928.

*Wilton J. Lambert, Esq.*, and *George B. Fraser, Esq.*, for the petitioner.

*Shelby S. Faulkner, Esq.*, for the respondent.

## OPINION.

Love: In 1889, shortly after its incorporation, the petitioner issued $300,000 par value of stock. About the same time, it acquired a newspaper with the plant, equipment and all the other assets pertaining to the enterprise. The property was first transferred from the prior owners to a group of individuals, and then by the latter transferred to petitioner. The names of two of these individuals appear in evidence, the names of the others do not. The two persons who are named are among the five to whom the shares of stock were issued. Among the assets acquired was intangible property of an undetermined amount. The first record of a capital stock

account appearing in petitioner's books was made in 1892 by an official of the corporation who is now dead. The original stockholders ceased to be stockholders more than 20 years ago.

The Commissioner determined that the newspaper assets were paid in to the corporation for the shares of stock. It being impossible, in his investigation, to ascertain the respective amounts of tangible and intangible property, he limited the total amount to be included in invested capital to the maximum amount allowable for intangibles, viz, 25 per cent. (Revenue Act of 1918, sec. 326 (a) (4).) This allowance is based on a total value of $300,000.

The petitioner's position is that the stock was issued not for the newspaper assets, but for cash. If the petitioner is correct, it is entitled to include the total amount in invested capital. (Revenue Act of 1918, sec. 326 (a) (1).)

There is no question in this case of the value of property paid in for stock. It is admitted by respondent in his answer that the $300,000 of stock was issued, and it appears to be conceded that the full par value thereof was paid in to the corporation. The question is whether the payment was made in cash or in property other than cash, consisting in part of intangibles. It is a question of fact.

The petitioner contends that it has made out a *prima facie* case on the admission that the stock was issued and a presumption in its favor that it has complied with the law then in force providing that only money shall be received as payment for stock; no evidence to rebut this presumption being offered by the respondent.

The Revised Statutes relating to the District of Columbia in effect in 1889 contain the following sections:

Nothing but money shall be considered as payment of any part of the capital stock. (R. S. D. C. 565.)

The president and a majority of the trustees, within thirty days after the payment of the last installment of the capital stock so fixed and limited shall make a certificate stating the amount of the capital so fixed and paid in, which certificate shall be signed and sworn to by the president and a majority of the trustees and they shall within the said thirty days record the same in the office of the recorder of deeds of the District. (Section 563, R. S. D. C.)

The capital stock so fixed and limited shall be paid in, one-half within one year, and the other half thereof within two years from the incorporation of the company, or such corporation shall be dissolved. (Section 564, R. S. D. C.)

In the absence of evidence to contrary, we must presume that petitioner has complied with the statute. The proceedings of this Board are conducted in accordance with the rules of evidence applicable in courts of equity of the District of Columbia. There is a well recognized rule of evidence that it will be presumed that a corporation, as well as a natural person, has complied with the law.

It was well stated in the case of *United States* v. *Dandridge*, 12 Wheat. 64, where the Supreme Court, speaking through Mr. Justice Story, said:

By general rules of evidence, presumptions are continually made, in cases of private persons, of acts of the most solemn nature, when those acts are the natural result or necessary accompaniment of other circumstances. * * * [The law] presumes that every man, in his private and official character, does his duty, until the contrary is proved; it will presume that all things are rightly done, unless the circumstances of the case overturn this presumption * * *. The same presumptions are, we think, applicable to corporations. * * * Acts done by the corporation which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter.

That case has been cited several times since by the Supreme Court as authority for the propositions above set forth. See *Sun Printing & Publishing Association* v. *Moore*, 183 U. S. 642, 649; *Cincinnati & Tex. Pac. Ry.* v. *Rankin*, 241 U. S. 319, 327; *Knox County* v. *Ninth National Bank*, 147 U. S. 91, 97. In a more recent case, *Albany Municipal Gas Co.* v. *Public Service Commission*, 225 N. Y. 89; 121 N. E. 772, the Court of Appeals of New York, in an opinion by Judge Cardozo, said:

We must presume, indeed, until the contrary is shown, that they [rates] were only reasonable in amount, for unfair and unreasonable rates are prohibited by statute. * * * The plaintiff has the benefit of the presumption that it has kept within the law.

While the determination of the Commissioner is *prima facie* correct, the presumption in petitioner's favor that it complied with the law, fortified by the authorized presumption that the officers of the Government performed their legal duties, first, in the issuance of the charter, and second, in their failure to dissolve the corporation, has sufficient probative force under well-recognized rules of evidence to make a *prima facie* case for the petitioner and thus overcome the presumption of correctness on the part of the respondent.

The respondent having failed to adduce any evidence to rebut such presumption, we hold that so much of the deficiency as arose from the disallowance of the full amount of $300,000 in invested capital is disallowed.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*

STERNHAGEN and PHILLIPS dissent.

TRAMMELL, dissenting: I dissent upon the ground that there is no evidence to overcome the presumption of the correctness of the action of the respondent.

The presumption that the corporate officers followed the law is entitled to no greater weight or consideration than the equally well recognized presumption that a public officer in the performance of his duties acted legally, that is, that the Commissioner correctly determined the deficiency. The burden of proof is on the petitioner—which, in my opinion, has not been met.